UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

BRYAN CHRISTIAN,

                        Plaintiff,

-against-

WARDEN OF O.B.C.C., CAPTAIN KIRKLAND,
CAPTAIN KAMARA, CAPTAIN JOHN DOE,
CORRECTIONS OFFICER CRUMP, and
CORRECTIONS OFFICER JOHN DOE,

                        Defendants.

------------------------------------- x

MEMORANDUM DECISION
AND ORDER

17 Civ. 2587 (GBD) (BCM)

GEORGE B. DANIELS, United States District Judge:

Plaintiff Bryan Christian, *pro se*, brings this action under 42 U.S.C. § 1983 ("§ 1983") against Carolyn Saunders, in her capacity as Warden of the Otis Bantum Correctional Center ("OBCC"), and Captain Kirkland, Captain Kamara, Captain John Doe, Corrections Officer Crump, and Corrections Officer John Doe, alleging that Defendants subjected him to "deplorable and inhumane" conditions of confinement and deprived him of adequate medical care for his infected foot. (*See* Compl., ECF No. 2.) Plaintiff also alleges that Defendant Kamara failed to protect him from physical harm from other inmates. (*See id.*) The matter was referred to Magistrate Judge Barbara Moses. (ECF No. 7.) On August 4, 2017, Defendants Saunders, Kirkland, and Kamara moved to dismiss Plaintiff's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] (*See* Mot. to Dismiss, ECF No. 25.)

Before this Court is Magistrate Judge Moses's February 28, 2018 Report and Recommendation ("Report"), recommending that Defendants' motion to dismiss be denied as to

---

[1] The identities of Captain John Doe, Corrections Officer Crump, and Corrections Officer John Doe could not be determined and, thus, they were not served with the complaint. (Report and Recommendation ("Report"), ECF No. 44, at 4–5 & n.2.)

1

Plaintiff's conditions-of-confinement and inadequate medical care claims against Captain Kirkland, and granted as to the remainder of Plaintiff's claims against all Defendants.[2] (Report at 22–23.) Magistrate Judge Moses advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 23.) No objections have been filed. Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report in full.

## I. LEGAL STANDARDS

### A. Report and Recommendations

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth within a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citation omitted). Clear error is present only when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

### B. Rule 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

---

[2] The relevant procedural and factual background is set forth in greater detail in the Report, and is incorporated herein.

2

678. "The submissions of a *pro se* plaintiff must be construed liberally and interpreted 'to raise the strongest arguments that they suggest'" because courts have an "obligation . . . to make reasonable allowances to protect *pro se* litigants from the forfeiture of important rights because of their lack of legal training." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006). Nevertheless, "[d]ismissal under Rule 12(b)(6) is proper if the complaint lacks an allegation regarding an element necessary to obtain relief," because the "duty to liberally construe a plaintiff's complaint [is not] the equivalent of a duty to re-write it." *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (internal citations and alterations omitted); *see also Chavis v. Chappins*, 618 F.3d 162, 170 (2d Cir. 2010).

## C. Section 1983

Plaintiff's claims arise under § 1983, which permits a civil action against any "defendant 'who under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws [of the United States].'" *Davis v. Shah*, 821 F.3d 231, 244 (2d Cir. 2016) (quoting 42 U.S.C. § 1983)). When, as here, a pretrial detainee plaintiff brings § 1983 claims alleging "deliberate indifference to [a] 'serious threat to . . . health or safety,'" including claims alleging "unconstitutional conditions of confinement, or the failure-to-protect" or "deliberate indifference to medical needs," the plaintiff must satisfy a two-prong test consisting of objective and subjective components.[3] *See Darnell v. Pineiro*, 849

---

[3] Claims brought by pretrial detainees are generally analyzed under Due Process Clause of the Fourteenth Amendment, while claims brought by convicted prisoners are analyzed under the Cruel and Unusual Punishment Clause of the Eighth Amendment. *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). Plaintiff's complaint does not allege his status during the relevant period, and invokes both the Cruel and Unusual Punishment Clause and the Due Process Clause. (*See* Compl. ¶¶ 47–48.) However, Defendants allege that Plaintiff was a "parole violator at the time of the incidents alleged in the Complaint." (Defs. Mem. in Supp., ECF No. 26, at 5 n.2 (citing Decl. of Bridgette Nunez, ECF No. 27, Ex. B (New York City

3

F.3d 17, 33 n.9 (2d Cir. 2017). The objective prong requires a plaintiff to allege facts that are "sufficiently serious" to constitute an objective deprivation of the right to due process. *See id.* (discussing a conditions-of-confinement claim); *Isaac v. City of New York*, No. 17 Civ. 1021 (PGG), 2018 WL 1322196, at *3 (S.D.N.Y. Mar. 13, 2018) (inadequate medical care claim); *Molina v. Cty. of Westchester*, No. 16 Civ. 3421 (VB), 2017 WL 1609021, at *2 (S.D.N.Y. Apr. 28, 2017) (failure-to-protect claim). The subjective prong requires the plaintiff to allege that the defendant "acted intentionally . . . or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant[] knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35.

"To establish the liability of a supervisory official under § 1983, a plaintiff must show the defendant's personal involvement in the alleged constitutional violations." *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003). Even if an individual is personally involved in a constitutional violation, he may be protected by the doctrine of qualified immunity, which "shields government officials from civil liability insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Hassell v. Fischer*, 879 F.3d 41, 46 n.7 (2d Cir. 2018) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "Officials are 'entitled to qualified immunity [when] their decision was reasonable, even if mistaken.'" *Rogoz v. City of Hartford*, 796 F.3d 236, 247 (2d Cir. 2015) (quoting *Hunter v. Bryant*, 502 U.S. 224, 229 (1991)).

---

Department of Corrections record))). Accordingly, the Report analyzed Plaintiff's claims under standards applicable to pretrial detainees. (Report at 1 n.1.).

4

## II. PLAINTIFF HAS STATED CONDITIONS-OF-CONFINEMENT AND INADEQUATE MEDICAL CARE CLAIMS AGAINST KIRKLAND

Plaintiff alleges that, during the five-day period of his detention, the holding pen in which he was detained became overcrowded, was flooded with garbage that was attracting insects, and was filled with the stench of body odor. (Compl. ¶¶ 15–16.) Plaintiff also alleges that, during that same five-day period, his requests to correctional staff that he be allowed to take his prescribed medication and to receive further medical care for a fungal infection were denied. (*Id.* ¶¶ 6–10, 14, 27–28.). The Report correctly found that these conditions, considered in the aggregate, plausibly rise to the level of a constitutional violation of his basic need for sanitary living conditions. (Report at 15–16.) As such, the Report correctly found that Plaintiff has satisfied the objective prong of a conditions-of-confinement claim. (*See id.* at 16.)

Plaintiff further alleges that the fungal infection spread during the five days he spent in unsanitary conditions. (Compl. ¶ 27.) When he received medical care on the sixth day of his detention, the doctor informed him the spread of the fungus could have been prevented with "proper hygiene care." (*Id.* ¶ 35.) The Report correctly found these allegations sufficient to satisfy the objective prong of an inadequate medical care claim, because Plaintiff has adequately alleged that the delay in his treatment subjected him to an unreasonable risk of harm and, upon further factual development, may be able to establish that the risk of harm was "sufficiently serious" to constitute a denial of due process. (*See* Report at 19–21.)

The Report also correctly found that Plaintiff satisfied the subjective prong of conditions-of-confinement and inadequate medical care claims as to Defendant Kirkland. Plaintiff adequately alleges Kirkland knew or should have known that the conditions of Plaintiff's confinement and Plaintiff's untreated fungal infection posed an excessive risk to his health. (*Id.* at 17, 21.) As the Report noted, Plaintiff showed Kirkland his foot on two occasions, and the unsanitary conditions

5

in the holding pen would "necessarily have been evident" to Captain Kirkland, because he was close enough to the pen to speak with Plaintiff and observe Plaintiff's foot. (*Id.* at 17.)

The Report further correctly found that, at the pleading stage, Kirkland is not entitled to a defense of qualified immunity. Plaintiff's right to safe and sanitary conditions of confinement and his right to adequate medical care were "clearly established," and it would not be a "reasonable mistake" to think that detaining a person with a serious and worsening fungal infection in unsanitary conditions for five days without medical care did not violate those rights. (*Id.* at 22); *see also Sudler v. City of New York*, 689 F.3d 159, 174 (2d Cir. 2012).

With regard to Defendants Saunders and Kamara, however, Plaintiff has not satisfied the subjective prong of a conditions-of-confinement or inadequate medical care claim. Plaintiff alleges that Saunders "knew or reasonably should've known of the customs and policy of the intake admissions process," including the "deplorable and inhumane" conditions in the holding pen, and "allowed this policy or practice to continue." (Report at 18 (quoting Compl. ¶ 41).) Yet, as the Report notes, Plaintiff does not allege that he saw or spoke to Saunders, or that she was somehow made aware of the conditions in the holding pen. (Report at 18.) Similarly, Plaintiff makes no allegations that Kamara was made aware of the conditions in the holding pen. Plaintiff does not allege that Kamara saw the conditions in the holding pen; the only interaction that Plaintiff describes having with Kamara is a conversation that occurred while Plaintiff was temporarily placed in a single cell. Plaintiff does not allege that he told either Saunders or Kamara of the conditions in the holding pen. (*Id.* at 17–18.) Moreover, Plaintiff does not allege that either Saunders or Kamara knew of Plaintiff's fungal infection or had any personal involvement in the denial of his requests for his prescribed medication and medical care. (*Id.* at 21.) Thus, the Report

correctly concluded that Plaintiff has not adequately pled a conditions-of-confinement claim or inadequate medical care claim against Saunders or Kamara. (*Id.* at 22.)

### III. **PLAINTIFF HAS FAILED TO STATE A FAILURE-TO-PROTECT CLAIM**

The Report correctly construed Plaintiff's failure-to-protect claim as being asserted only against Defendant Kamara. (*Id.* at 14.) Plaintiff alleges that after he showed Kirkland his foot the second time and "angrily protested" when Kirkland told him he "had to wait" for medical care, he was temporarily placed in a single cell in the intake area. (Compl. ¶¶ 27–29.) Plaintiff also alleges that while he was in the single cell, someone slammed a mop against the cell bars and said, "snitch, you can't live nowhere in the building," and that shortly afterward, another detainee in the cell next to him slung a cup of urine in his face. (*Id.* ¶¶ 30–31.) Plaintiff further alleges that, while in the single cell, Plaintiff stopped Kamara and stated that he had been called a snitch, had a mop slung at him, and had urine thrown in his face. (*Id.* ¶ 33.) He asked to be "taken out of the area." (*Id.*) Plaintiff alleges that, in response, Kamara stated, "I've seen worse happen to people who snitch," and walked away. (*Id.* ¶ 34.) Plaintiff does not allege that he was thereafter attacked or assaulted by another inmate. The Report correctly found that Kamara's alleged conduct was not sufficiently serious to satisfy the objective prong of a failure-to-protect claim, because it did not constitute conduct posing a "substantial risk of serious harm." (Report at 22); *see also Rosen v. City of New York*, 667 F. Supp. 2d 355, 359–60 (S.D.N.Y. 2009) (quoting *Farmer v. Brennan*, 511 U.S. 825, 828 (1994)). Thus, the Report correctly found that Plaintiff has failed to state a failure-to-protect claim against Kamara. (*See* Report at 22.)

7

## IV. CONCLUSION

Magistrate Judge Moses's Report is ADOPTED. Defendants' motion to dismiss (ECF No. 25) is GRANTED as to Defendants Saunders and Kamara, and DENIED as to Defendant Kirkland. Kirkland is directed to answer the Complaint within fourteen days of this decision.

The Clerk of Court is directed to close the motion at ECF No. 25 accordingly.

Dated: New York, New York
       March 22, 2018

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge