UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
BRYAN CHRISTIAN,

                     Plaintiff,

        -against-

CAPTAIN KIRKLAND, CAPTAIN JOHN DOE,
CORRECTIONS OFFICER CRUMP, and
CORRECTIONS OFFICER JOHN DOE,

                     Defendants.
------------------------------------- x

MEMORANDUM DECISION
AND ORDER

17 Civ. 2587 (GBD) (BCM)

GEORGE B. DANIELS, United States District Judge:

*Pro se* Plaintiff Bryan Christian initially brought this action against Defendants Warden of O.B.C.C., Captain Kirkland, Captain Kamara, Captain John Doe, Corrections Officer Crump, and Corrections Officer John Doe seeking damages for lack of medical care during Plaintiff's detention on Rikers Island.[1] (*See* Compl., ECF No. 2.) This matter was referred to Magistrate Judge Barbara C. Moses for general pretrial supervision, as well as to report and recommend on any dispositive motions. (*See* Order of Reference, ECF No. 7.) On March 22, 2018, this Court adopted Magistrate Judge Moses's Report and Recommendation dated February 28, 2018, (ECF No. 44), and dismissed Plaintiff's claims against Warden of O.B.C.C. and Captain Kamara for failure to state a claim upon which relief could be granted. (Mem. Decision and Order dated Mar. 22, 2018, ECF No. 45.)

During a conference with Magistrate Judge Moses on March 7, 2019, counsel for Defendant Kirkland made an oral application to dismiss this action in its entirety for failure to

---

[1] Captain John Doe and Corrections Officers Crump and John Doe were not served with a complaint. (Report and Recommendation dated Feb. 28, 2018, ECF No. 44, at 4–5 & n.2.)

prosecute pursuant to Federal Rule of Civil Procedure 41(b).[2] Before this court is Magistrate Judge Moses's March 15, 2019 Report and Recommendation ("Report"), recommending that Defendant's application to dismiss the remaining claims against Defendant Kirkland be granted.[3] (Report at 4). Magistrate Judge Moses advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 6.) No objections have been filed. Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report in full.

## I. LEGAL STANDARD

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). A magistrate judge's report to which no objections are made is reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). Clear error is present when, "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation and internal quotation marks omitted).

## II. PLAINTIFF FAILED TO PROSECUTE HIS CLAIMS IN A TIMELY MANNER

Magistrate Judge Moses appropriately found that dismissal of this action is warranted, given Plaintiff's failure to prosecute his claims. In determining whether to dismiss an action for

---

[2] Plaintiff neither attended this conference nor notified Magistrate Judge Moses or defense counsel prior to the conference that he would not be able to attend. (Report and Recommendation dated Mar. 15, 2019, ECF No. 70, at 4.) Moreover, Plaintiff has not contacted either this Court or Magistrate Judge Moses following that conference. (*See id.*)

[3] The relevant factual and procedural background is set forth in greater detail in the Report and is incorporated by reference herein.

2

failure to prosecute under Rule 41(b), the Second Circuit has directed district courts to weigh five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Short v. City of New York*, No. 15-CV-6465 (RA), 2018 WL 6618818, at *1 (S.D.N.Y. Dec. 18, 2018) (quoting *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam)). All five factors are satisfied here. (*See* Report at 5.) Magistrate Judge Moses advised Plaintiff on multiple occasions, including in prior orders, that Plaintiff's case could be dismissed for failure to prosecute if he did not comply with his litigation obligations. (*See, e.g.*, Order Rescheduling Initial Case Management Conference, ECF No. 65, at 2–3; Order to Show Cause, ECF No. 67, at 1–2.) Yet, as the Report notes, Plaintiff failed to appear at any of the three initial case management conferences that Magistrate Judge Moses scheduled over a six-month period. (Report at 1–4.) Nor did Plaintiff notify Magistrate Judge Moses in advance of any of those conferences that he could not attend. (*Id.*) Plaintiff has not opposed Defendant's application to dismiss this action, and he has not had any contact with this Court or Magistrate Judge Moses since his letter dated January 14, 2019 and received on January 16, 2019. (*See* Pl.'s Jan. 14, 2019 Letter, ECF No. 68). As the Report correctly found, dismissal without prejudice for failure to prosecute is therefore appropriate. (*See* Report at 4–5.)

### III. CONCLUSION

Magistrate Judge Moses's Report is ADOPTED. Defendant Kirkland's oral application to dismiss this action without prejudice pursuant to Rule 41(b) is GRANTED. The Clerk of Court is

3

directed to mail a copy of this memorandum decision and order to Plaintiff at 21 E. 108th Street, Apt. 4C, New York, NY 10029.

Dated: New York, New York
     June 11, 2019

SO ORDERED.

_____
GEORGE B. DANIELS
United States District Judge